# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### BRYSON CITY DIVISION
#### 2:14-cv-00025-FDW

| | | |
|---|---|---|
| **KENNETH ASHE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **CHEROKEE COUNTY** | ) | |
| **DETENTION CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I.    BACKGROUND

Plaintiff was convicted in this District on one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and he was sentenced to an active term of 87-months' imprisonment and the Court entered judgment on December 23, 2013. (Criminal Case No. 2:12-cr-00033-MR, Doc. No. 147: Judgment). Plaintiff's judgment was affirmed on appeal. See United States v. Ashe, 583 Fed. App'x 155 (4th Cir. 2014) (unpublished), cert. denied, 135 S. Ct. 1013 (2015).

Plaintiff is presently a federal prisoner and is confined in Beckley Federal Correctional Institution in Beaver, West Virginia. In his § 1983 complaint, Plaintiff alleges that he was detained in the Cherokee County Detention Center pending his sentencing in this district and was assaulted by inmates that had a known propensity for violence.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III.    DISCUSSION

Plaintiff was detained in a county facility in the State of North Carolina at the time he was allegedly assaulted, but his complaint does not appear to have been filed until he began serving his federal sentence in Beckley Federal Correctional. Because Plaintiff was detained at the time of his assault, his § 1983 complaint must satisfy the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA"), which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that

"exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In his complaint, Plaintiff does not explain whether there is a prisoner grievance procedure within Cherokee County Detention Center. However, because the allegations arose in that facility, and not the Beckley Federal Correctional Center, there is some question as to whether he properly exhausted administrative remedies, if any, before being transferred out of Cherokee County Detention Center. Accordingly, the Court finds that Plaintiff should file a written statement to the Clerk in this district, which is submitted under penalty of perjury and addresses the following:

1.      Is there a prisoner grievance procedure within the Cherokee County Detention Center?

2.      If so, describe the procedure, and explain if you participated in the procedure and fully exhausted your administrative remedies prior to filing this § 1983 complaint?

3.      If you participated in the grievance procedure, include copies of the grievances and any responses thereto.

4.      If you did not fully exhaust your available administrative remedies prior to the transfer from the Cherokee County Detention Center, explain why not?

## IV.      CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.      Plaintiff shall provide the required information as noted above regarding the prisoner grievance procedure within the Cherokee County Detention Center, under penalty perjury, and whether he participated in the procedure and fully exhausted his administrative remedies prior to his transfer from the facility and the filing of his complaint. Failure to provide this information within 21-days from entry of this Order may result in dismissal of the complaint and without further notice.

2.      Plaintiff's motion to appoint counsel is **DENIED without prejudice**. (Doc. No. 7).

3.      Plaintiff's motion for subpoena for statements, medical records and evidence is **DENIED without prejudice**. (Doc. No. 12).

4.      Plaintiff's motion for a status hearing is **DENIED without prejudice**. (Doc. No. 13).

**IT IS SO ORDERED.**

Signed: March 7, 2015

Frank D. Whitney
Chief United States District Judge