IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:14-cv-00025-FDW

| | |
|---|---|
| KENNETH ELDON ASHE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEITH WATKINS, Captain of Jail, )<br>Cherokee County Detention Center, in )<br>Official & Personal Capacity; )<br>SHARON MOSS, Detention Officer, )<br>In Official & Personal Capacity; )<br>D.O. FNU BEASLEY, Cherokee County )<br>Detention Center, in Official & Personal )<br>Capacity; SGT. FNU MEL, Cherokee )<br>County Detention Center, in Official & )<br>Personal Capacity, )<br>)<br>Defendants.[1] )<br>) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se amended complaint which he filed pursuant to 42 U.S.C. §§ 1983, and Defendants' motion for summary judgment.[2]

I.      BACKGROUND

On July 7, 2013, Plaintiff was detained in the Cherokee County Detention Center (CCDC) within the Western District awaiting sentencing on a federal drug charge for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See (United

---

[1] Plaintiff misidentified Defendant Watkins as Keith "Wakins" in his amended complaint. See (Doc. No. 44-2: Declaration of Keith Watkins at 2).
[2] The Court entered a Pretrial Order and Case Management Plan that governed discovery in this case. Prior to the close of the discovery period in this case, Plaintiff filed a "Request for Production of Documents" although there is no evidence that he served the request on the Defendants. (Id., Doc. No. 42). This request will be denied as it is a clear violation of the discovery procedures in the Case Management Plan. (Id., Doc. No. 40).

States v. Ashe, 2:12-cr-00033-MR-22 (W.D.N.C. 2012)).[3] Plaintiff was housed with seven other inmates in A-Pod, and at around 5 p.m. on July 7, Officer Creasman opened the door to Plaintiff's cell in order to allow Plaintiff and his fellow inmates to eat dinner. Around 5:45 p.m. Officer Creasman notified other officers that assistance was needed in A-Pod. Officers Beasley, Creasman, Moss and Sgt. Nicely responded and observed Plaintiff "yelling and cursing about being assaulted and threatening" the officers jobs because he had been assaulted by two inmates, Crowe and Bird. (Doc. Nos. 44-4: Beasley Decl. ¶ 5; 44-5: Moss Decl. ¶ 4). Plaintiff was removed from his cell and escorted to the booking area and questioned about the fight. Crowe and Bird were taken from A-Pod and placed in maximum security cells and Plaintiff was never housed with them after July 7. Although CCDC has a procedure whereby an inmate may file a written grievance, Plaintiff never filed a grievance regarding the July 7 attack. (Id., Doc. No. 44-2: Watkins Decl. ¶ 10).

## II.    STANDARD OF REVIEW

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A court is bound to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587. (1986). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

---

[3] The Court takes judicial notice of Petitioner's criminal proceedings. See Philips v. Pitt Cnty. Mem. Hosp. 572 F.3d 176, 180 (4th Cir. 2009).

judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (italics in original). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted).[4]

## III. DISCUSSION

### A. Failure to protect

In order to "state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988) (internal citations omitted). Here, Plaintiff appears to allege the detention officers that were on duty when he was assaulted by Bird and Crowe knew the assailants had a propensity for violence and that the officers therefore had an obligation to protect him from a potential assault. (Doc. No. 22: Amended Compl.).

Claims regarding conditions of confinement brought by pretrial detainees in state custody are examined under the due process clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). "The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner . . ." Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983)). "[W]hen the State takes a person into custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989) (internal citation omitted). In Kingsley v. Hendrickson, the Supreme Court held that with regard to a pretrial detainees' claim of a due process violation, the detainee need only show

---

[4] Plaintiff was notified pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his right and obligation to respond to the Defendants' motion for summary judgment. (Id., Doc. No. 45).

3

that the officers' actions were "objectively unreasonable." 135 S. Ct. 2466, 2472-73 (2015).

To be sure, the Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal citation omitted). To establish a claim under § 1983 for failure to protect from violence, an inmate must show; (1) "serious or significant physical or emotional injury," De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison official has a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. Simply put, in order to succeed on a claim of deliberate indifference to Plaintiff's safety, Plaintiff must show that the Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety, were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and drew that inference. Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) (citing Farmer, 511 U.S. 825 at 837).

Plaintiff's amended complaint utterly fails to demonstrate that any of the defendants had knowledge that Bird and Crowe were dangerous prior to the July 7th assault. In fact, the evidence before the Court that is presented in the declarations that were filed by Defendants Watkins, Nicely, Beasley, and Moss, which are submitted under penalty of perjury, shows that they had no prior knowledge that either Bird or Crowe were dangerous or that Plaintiff was in any danger prior to the July 7th assault. In addition, the Court notes that after the assault, Bird and Crowe were transferred to the maximum security section of the CCDC, and Plaintiff was never housed with them again.

In his one page response to Defendant's motion for summary judgment Plaintiff declares he will testify along with an unnamed witness about "genuine" facts although he elaborates no further. (Id., Doc. No. 45). After considering the Defendants' sworn declarations, and noting that Plaintiff has in no way refuted such declarations in his response, the Court finds that Defendant's motion for summary judgment on the claim of failure to protect should be granted.

4

B. Medical treatment

Claims under 42 U.S.C. § 1983 based on an alleged lack of and/or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical

5

care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

In his amended complaint, Plaintiff blankly states that one or more officers have expressed a deliberate indifference to his medical needs; however he does not identify which, if any, of the defendants named in his amended complaint are at fault. Plaintiff, again without naming any of the defendants in this case, complains that he continues to suffer pain and that this pain "has not been fixed or corrected by surgery or other means." (Id., Amended Compl.). Because Plaintiff has not identified which defendant may have neglected his medical needs, this claim for relief will be denied.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Defendants' motion for summary judgment should be granted and all claims presented by Plaintiff are dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' motion for summary judgment is **GRANTED**. (Doc. No. 44).
2. Plaintiff's motion for production of documents is **DENIED**. (Doc. No. 42).
3. Plaintiff's amended complaint is **DISMISSED WITH PREJUDICE**. (Doc. No. 22).

The Clerk is respectfully directed to close this civil case.
**SO ORDERED.**

Signed: January 30, 2017

Frank D. Whitney
Chief United States District Judge